## Adams v. Young.

*Replevin—Bonds—Approval of—Sufficiency of.*

Where a plaintiff in replevin filed a bond which was approved by the prothonotary without justifying the bondsmen who were not possessed of real estate, but no exceptions were filed or application made to the court to revise the bond, and the writ was issued and a counter-bond filed by the defendant, and subsequently the plaintiff filed a new bond, which was good and the bondsmen duly qualified, the writ will not be quashed because it was issued on an insufficient bond.

Replevin. Rule to quash writ. C. P. Lancaster Co., Sept. T., 1925, No. 15.

*Charles W. Eaby*, for rule; *S. V. Hosterman*, contra.

LANDIS, P. J., Dec. 26, 1925.—On Aug. 11, 1925, the plaintiff issued a writ of replevin against the defendant to recover a quantity of household goods. A bond was filed in the sum of $675, which was duly approved by a deputy prothonotary, presumably having authority. On Aug. 12, 1925, the defendant filed a counter-bond and retained possession of the goods. On Aug. 29, 1925, the defendant presented her petition asking that the writ be quashed. The grounds alleged are that Harry S. Adams and Joe Faltin, who, with the plaintiff, executed the bond, were not possessed of real estate, and that the deputy prothonotary approved the bond without justifying them. Assuming this claim to be true, ought the writ to be quashed?

By section 1 of the Act of April 19, 1901, P. L. 88, it is provided that "before any writ of replevin shall issue out of any court of this Commonwealth, the person applying for said writ shall execute and file with the prothonotary of the said court a bond to the Commonwealth of Pennsylvania for the use of the parties interested, with security in double the value of the goods sought to be replevied, conditioned that, if the plaintiff or plaintiffs fail to maintain their title to such goods or chattels, he or they shall pay to the party thereunto entitled the value of said goods and chattels and all legal costs, fees and damages which the defendant or other persons to whom such goods or chattels so replevied belong may sustain by reason of the issuance of such writ of replevin." By section 2 of the Act of March 19, 1903, P. L. 39, it is further provided that "the prothonotary shall in the first instance fix the amount of bail and approve or reject the security offered. His action in either regard shall be subject to revision by the court, or in vacation time a judge thereof at chambers." In this case the bond was fixed by the deputy prothonotary. The writ thereupon issued. No exceptions were filed to the bond and no

application was ever made to the court to revise the same. But, after some consultation between the attorneys, another bond was filed by the plaintiff, which is admitted to be good. How, then, can this court strike off the writ?

The same question came before this court in Rehm v. Askew et al., 13 Dist. R. 353, 20 Lanc. Law Rev. 395. There, a married woman signed the bond, and we said: "Nor do we think there is any merit in the proposition that the issuing of the writ of replevin was absolutely nugatory and void. A bond was given to the prothonotary as is provided by law. True, the security was not sufficient, and the counsel who caused the writ to issue perhaps knew, or at least he should have known, that fact and should have corrected it when it came to his knowledge; but if he did not do so, the defendant had his remedy by appealing to the court, and he failed to take advantage of it. He is not, therefore, in a position at this time to complain."

In this case, counsel, when the insufficiency of the bond was called to his attention, filed a new bond, which was amply sufficient to protect the defendant. The court could have done no more if an appeal had been made to it to revise the bond. The act of assembly does not direct the prothonotary to justify the bondsmen in order to make the bond valid, though it is good practice to do so. But, in addition, the defendant has filed a counter-bond and retained the goods. The plaintiff's bonds, therefore, merely stand for costs, and for that they are sufficient.

The rule to show cause why the writ should not be quashed is, therefore, discharged. Rule discharged.

From George Ross Eshleman, Lancaster, Pa.